# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CAROLYN ANN MILLER,**

    **Plaintiff,**

vs.                                              Case No. 4:20cv514-MW-MAF

**EBS SECURITY, INC.,
PRINTELLA BUCKHEAD,**

    **Defendants.**
_____/

## O R D E R

Plaintiff, proceeding pro se, has filed a complaint pursuant to Title VII, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion has been reviewed and good cause has been shown. The motion is granted and Plaintiff is not required to pay the filing fee for this case.

Plaintiff's complaint, ECF No. 1, has also been reviewed. Plaintiff has properly attached her Notice of Right to Sue letter to the complaint and it appears this action has been timely filed. However, the complaint does not contain factual allegations to explain what the Defendants did, or did

not do.  *See* ECF No. 1 at 4-6.  Thus, Plaintiff's claim is not properly supported.

Plaintiff did attach a two-page statement at the end of the complaint in an effort to provide the factual background of her case.  *Id.* at 13-14.  However, that information is insufficient for two reasons.  First, the statements are not presented in short, numbered paragraphs as required by Rule 10(b), and as instructed on the complaint form.  *See* ECF No. 1 at 4.  Pursuant to Federal Rule of Civil Procedure 10(b), all statements shall be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Because a Defendant cannot properly respond to Plaintiff's allegations in that manner, Plaintiff will be provided another civil rights complaint form so she can file an amended complaint.  When doing so, Plaintiff must present all relevant factual allegations in short, separately numbered paragraphs.

Second, Plaintiff's statement generally explains that she complaint to Captain Maniquait about treatment from Lt. Deaner.  *Id.* at 13.  Plaintiff said that she believed he was discriminating against her and not treating her fairly.  However, that is a conclusory assertion and is insufficient.  When submitting the amended complaint, Plaintiff must state the facts which

demonstrate how Plaintiff was treated differently than other employees which led her to believe that she was experiencing discrimination.

In addition, Plaintiff's statement indicates that she also believes she was retaliated against for reporting the alleged discrimination.  It is unclear whether Plaintiff intended to also assert a separate claim for retaliation, and it is not clear that she raised such a claim in the charge that she filed with the Equal Employment Opportunity Commission.  Plaintiff must clarify that issue in the amended complaint.

Finally, Plaintiff must also clarify whether she is attempting to bring a claim against the employer, EBS Security, Inc., or the owner, Printella Bankhead, or both.  Plaintiff listed both Defendants on page one of the complaint form, but only one Defendant in Section I of the form.  Plaintiff should consider that, in general, the rule in the Eleventh Circuit is that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."  <u>Lewis v. City of Union City, Georgia</u>, 934 F.3d 1169, 1189 (11th Cir. 2019) (quoting <u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th Cir. 1991)).  Furthermore, it would appear to be "redundant and unnecessary" for Plaintiff to name both the

employer and the owner of the business.  <u>Higdon v. Fulton Cty., Georgia</u>, 746 F. App'x 796, 799 (11th Cir. 2018) (citing <u>Busby</u>).  Thus, Plaintiff must consider which Defendant or Defendants is properly named in this case.

Plaintiff should carefully review the foregoing prior to drafting the amended complaint.  Plaintiff is reminded that she must present a clear statement of factual allegations which support the claims raised.  Plaintiff must allege facts as legal conclusions of law are insufficient.  Plaintiff must also set forth each allegation in a separately numbered paragraph, as it is essential that the facts be set out clearly and with sufficient detail.  Finally, Plaintiff is advised that the amended complaint must contain all of the relevant allegations.  Because an amended complaint completely replaces all previous complaints, claims not raised in the amended complaint are deemed abandoned.  N.D. Fla. Loc. R. 15.1.  The amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for herself.  Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2. The Clerk of Court shall forward to Plaintiff another Title VII complaint form so Plaintiff can comply with this Order.

3. Plaintiff shall have until **November 30, 2020**, to file the amended complaint as explained above.

4. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

5. Plaintiff must immediately file a notice to the Clerk's Office in the event of an address change.

6. The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or no later than November 30, 2020.

**DONE AND ORDERED** on October 30, 2020.

S/   Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE