**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CAROLYN ANN MILLER,**

    **Plaintiff,**

vs.                                          Case No. 4:20cv514-MW-MAF

**EBS SECURITY, INC.,
PRINTELLA BUCKHEAD,**

    **Defendants.**

_____/

# O R D E R

Plaintiff, proceeding pro se, initiated this case in late October 2020 by submitting a complaint pursuant to Title VII, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted and Plaintiff's complaint, ECF No. 1, reviewed. ECF No. 4. Finding the complaint insufficient as filed, Plaintiff was directed to file an amended complaint which presented factual allegations to support her claims, and to provide those allegations in short numbered paragraphs. *Id.*

Plaintiff has not yet complied, but she did submit an untitled document confirming her address, ECF No. 5, and most recently, a motion

requesting the appointment of counsel, ECF No. 6.  Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.  <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990).  At this point in the proceedings, Plaintiff's motion will be denied.  Until Plaintiff provides an amended complaint which demonstrates a plausible claim, there is no need to consider whether counsel is necessary.

In light of Plaintiff's motion and her demonstrated desire to continue this case, Plaintiff will be granted an enlargement of time in which to file the amended complaint.  Plaintiff's amended complaint must contain factual allegations explaining what the Defendants did, or did not do, that Plaintiff believes shows that she was subjected to discrimination.  When doing so, Plaintiff must present all relevant factual allegations in short, separately numbered paragraphs.  In addition, Plaintiff is reminded that if she is attempting to assert a separate claim for retaliation, that fact must be made clear and she must demonstrate that she raised such a claim in the charge filed with the Equal Employment Opportunity Commission.

Finally, Plaintiff must also clarify whether she is attempting to bring a claim against the employer, EBS Security, Inc., or the owner, Printella Bankhead, or both.  Plaintiff listed both Defendants on page one of the complaint form, but only one Defendant in Section I of the form.  Plaintiff should consider that, in general, the rule in the Eleventh Circuit is that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Lewis v. City of Union City, Georgia, 934 F.3d 1169, 1189 (11th Cir. 2019) (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)).  It is "redundant and unnecessary" to name an employer and the owner of the business in a Title VII action.  Higdon v. Fulton Cty., Georgia, 746 F. App'x 796, 799 (11th Cir. 2018) (citing Busby).  Thus, Plaintiff must consider which Defendants are properly named in this case.

Plaintiff's amended complaint must contain all relevant factual allegations.  Any claims or facts not included in the amended complaint completely will be deemed abandoned.  N.D. Fla. Loc. R. 15.1.  The amended complaint filed with the Court must contain Plaintiff's original

signature, but Plaintiff shall also keep an identical copy for herself.  Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for the appointment of counsel, ECF No. 6, is **DENIED**.

2.  The Clerk of Court shall forward to Plaintiff another Title VII complaint form so Plaintiff can file an amended complaint no later than **December 29, 2020**, as explained above.

3.  **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

4.  Plaintiff must immediately file a notice to the Clerk's Office should her address change.

5.  The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or no later than December 29, 2020.

**DONE AND ORDERED** on December 1, 2020.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv514-MW-MAF