# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CAROLYN ANN MILLER,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:20cv514-MW-MAF**

**EBS SECURITY, INC.,**
**PRINTELLA BUCKHEAD,**

    **Defendants.**
_____/

## O R D E R

Plaintiff, proceeding pro se, initiated this case in late October 2020 by submitting a complaint pursuant to Title VII, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted and after reviewing Plaintiff's complaint, ECF No. 1, Plaintiff was required to file an amended complaint in which she presented factual allegations to support her claims, and to state those allegations in short numbered paragraphs. ECF No. 4. Plaintiff did so, but her amended complaint, ECF No. 8, did not include <u>any</u> factual allegations. Thus, Plaintiff was required to file a second amended complaint. ECF No. 9.

Plaintiff's second amended complaint, ECF No. 10, has been received and reviewed. Prior to proceeding further, Plaintiff must provide a copy of the Notice of Right to Sue letter which she received. The complaint form requires that filing, see ECF No. 10 at 5, but Plaintiff did not comply.

Additionally, Plaintiff's second amended complaint indicates she is pursuing only a claim for violating the Age Discrimination in Employment Act. *Id.* at 3. However, Plaintiff's allegations and the boxes checked on the form, *id.* at 4, suggest that she intended to also include claims under Title VII as well. Plaintiff must clarify her intentions and, if she omitted listing a Title VII claim, she must submit a third amended complaint.

Another reason to require Plaintiff to file a third amended complaint is that Plaintiff still has not included a request for relief. She was previously directed to do so, see ECF No. 9, but that section remains blank in the second amended complaint. ECF No. 10 at 4-5. Federal Rule of Civil Procedure 8(a) requires that a complaint include a "demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). Plaintiff must comply with that Rule.

Plaintiff will be provided another complaint form so that she can include all intended claims and include a request for relief. Plaintiff must

provide a copy of the Right to Sue Letter with her "third amended complaint." Plaintiff's deadline for compliance is **February 8, 2021**. Plaintiff is reminded that the third amended complaint must contain all relevant factual allegations. Any claims or facts not included in the third amended complaint will be deemed abandoned. N.D. Fla. Loc. R. 15.1. The third amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for herself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward to Plaintiff the Pro Se Employment Discrimination Complaint form for pro se litigants which is <u>used in this Court</u> so Plaintiff can file a third amended complaint.[1]

2. Plaintiff's third amended complaint must include a copy of the Right to Sue letter,[2] and must be filed no later than **February 8, 2021**.

---

[1] It appears that Plaintiff was inadvertently provided the complaint form from the Administrative Office of the Courts. However, this Court has a complaint form which is to be used by pro se litigants pursuing employment discrimination claims. That form must be provided to Plaintiff with this Order.

[2] Plaintiff must clarify the dates when she filed her charge with the EEOC and when she received her Right to Sue letter. *See* ECF No. 10. Plaintiff indicates she filed

Case No. 4:20cv514-MW-MAF

3.  **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

4.  Plaintiff must immediately file a notice to the Clerk's Office should there be any change in Plaintiff's mailing address.

5.  The Clerk of Court shall return this file upon Plaintiff's compliance with this Order, or no later than February 8, 2021.

**DONE AND ORDERED** on January 8, 2021.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

her charge on October 19, 2019, and received her letter just five days later.  *Id.* at 5.

Case No. 4:20cv514-MW-MAF