# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CAROLYN ANN MILLER,**

    **Plaintiff,**

vs.                                                      Case No. 4:20cv514-MW-MAF

**EBS SECURITY, INC.,**
**PRINTELLA BUCKHEAD, owner,**

    **Defendants.**

_____/

## INITIAL SCHEDULING AND CASE MANAGEMENT ORDER

The pro se Plaintiff filed a third amended complaint [hereinafter "complaint"], ECF No. 12, on February 9, 2021.  The United States Marshals Office was directed to serve the complaint on Plaintiff's behalf on April 13, 2021.  ECF No. 19.  When two months had passed without any docket activity, another Order was entered on June 17, 2021, requiring the Marshals Office to file a status update by July 2, 2021.  ECF No. 21.  Today, Defendants have filed an answer to Plaintiff's complaint.  ECF No. 22.  The certificate of service reveals the answer was served on Plaintiff.  *Id.* at 5.  Thus, Plaintiff is reminded that any document filed from this point

forward must also be served on counsel for the Defendants and must include a certificate of service revealing when and how Plaintiff provided the document to opposing counsel.  In light of Defendant's filing of the answer, no further action need be taken by the Marshals Service.

Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action."  To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

**(1)  Discovery Period**.  The parties are directed to conduct discovery[1] so that the due date of any discovery requested shall not be later than **October 19, 2021.**  The conduct of any discovery which would require a later due date shall be permitted only by Court Order, although the parties may stipulate "to extend a deadline for responding to a specific discovery request" as long as "the extension does not interfere with . . . completing discovery, submitting or responding to a motion, or trial."  N.D. Fla. Loc. R. 6.1.  The Court must approve any stipulation or request to

---

[1] Discovery is the process by which the parties request and obtain information from each other regarding their claims or defenses.  Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedures and should be conducted without the Court's involvement.

extend the discovery period.  *Id.*  Such a request will be granted only upon a showing of good cause and diligence.  Fed. R. Civ. P. 16(b)(4).  The filing of a motion will not toll the discovery deadline.

(2) **Rule 26 Requirements**.  This Scheduling Order is entered prior to the meeting of parties and the filing of the joint report required under Rule 26, Federal Rules of Civil Procedure, so that discovery may proceed expeditiously and without unnecessary delay.  Modifications may be made to this Order upon consideration of the parties' joint report.  The following will be required of all parties to this litigation:

(a) **Meeting of Parties and Filing of Joint Report**.  Counsel of record and the pro se Plaintiff shall confer (personally, by phone, or electronically) within **30 days** from the date of this Order as required by Rule 26(f).  Thereafter, a written report outlining the parties' discovery plan must be jointly filed within **14 days** after the parties' conference.  Fed. R. Civ. P. 26(f)(2).  Plaintiff shall initiate arrangements for the conference and filing of the report, but the Court shall hold all parties "jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."  *Id.*  If the parties

are unable to agree, each party's position shall be set out in the joint report. In addition to the matters set out in Rule 26(f), the following shall also be discussed at the conference and addressed in the report:

(i)  The matter of magistrate judge jurisdiction over the case.  In accordance with Rule 73.1(A) of the Local Rules, the parties shall confer regarding their willingness to consent to magistrate judge jurisdiction, and the report should reflect this discussion.  However, the report should state <u>only</u> that the parties have conferred regarding this issue.  The parties may withhold consent if they so choose.  Under no circumstances should the parties indicate their respective positions on the matter of consent in the Joint Report.

If <u>all</u> parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by <u>all</u> parties and filed in the Clerk's office.  It shall be Plaintiff's responsibility to forward the form to Defendant's counsel who shall have the responsibility of filing the document.  The form should be filed <u>only</u> if <u>all</u> parties have consented and signed the form.  **If <u>any</u> party elects not to consent, the form must not be returned**.

(ii)  The nature and basis of all claims and defenses, and a good faith attempt to identify the primary factual and legal issues in dispute.

(iii)  The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

(iv)  Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, the filing of motions and responses, and in particular, whether this Initial Scheduling Order should be revised or amended in any way.

(v)  The parties' respective discovery requirements in this case, and if the parties deem this Initial Scheduling Order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

(vi)  A good faith estimate as to when the parties believe the case will be ready for trial (month and year).  This date must be set out in the joint report, and if it is not within **8 months** from the date of this Order, an explanation must be included.

(vii)  Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case, and including any applicable subject within Rule 16(c).

(viii)  The parties are directed to inform the Court in their report if it appears that this case should be made subject to the Manual for Complex Litigation.

(b)  **Rule 26(a)(1) Disclosures**.  The disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a discovery request, to all other parties within **14 days** from the date of the parties' meeting required under Rule 26(f).

(c)  **Rule 26(a)(2) Disclosures**.  Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the plaintiff within **60 days from the date of this Scheduling Order**, and by the Defendant or Defendants within **30 days** thereafter.  Other parties' (if any) disclosures

under Rule 26(a)(2) shall be within **30 days** after the disclosure made by the opposing party.  Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

**(3)  Additional Court Action or Scheduling Conference**.  The Court will promptly consider the parties' jointly filed written report, and will take one of the following courses of action within **14 days** thereafter:

(a)  Enter a Final Scheduling Order by modifying this Initial Scheduling Order as the presiding judge deems appropriate in light of the parties' joint written report, or by adopting the parties' report, or by confirming the requirements of this Order.

(b)  Set the matter for a Rule 16 scheduling conference, either by telephonic hearing or requiring personal attendance.  A Final Scheduling Order will be entered thereafter.

(c)  If the Court takes no action within **14 days** from the filing of the joint report, this Initial Scheduling Order will continue in full force and effect until some further order of this Court.

(d)  If any party so requests by motion, a scheduling conference or preliminary pre-trial conference may be held to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(e).

(4)  **Interrogatories and Requests for Admissions**.  The combined total number of interrogatories or requests for admissions from one party to another shall not exceed fifty (50) in number, including subparts.  The limitation of FED. R. CIV. P. 33(a) shall not apply.  Interrogatories and the answers thereto, and requests for production or inspection, shall not be filed unless needed for a particular purpose.  N.D. Fla. Loc. R. 26.1(A).

(5)  **Schedule of Pre-Trial Matters**.  In accordance with Rule 16(b), Federal Rules of Civil Procedure, the following schedule shall apply to this case, unless any party shall file an objection or request a different schedule within **44 days** from the date of this Order:

(a)  Joinder of other parties and amendments of pleadings shall be accomplished by the service and filing of the appropriate motions or pleadings within the time required by the Federal Rules of Civil Procedure or the Local Rules, except as noted below.

(b)  All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

(c)  Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by subsequent Court Order, not later than **21 days** after the close of discovery.

(d)  A motion for leave to bring in a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made either within the period provided for the completion of discovery, or within **3 months** from the date of service of the moving party's answer to the complaint or reply to the counterclaim, whichever comes first; provided, however, that motions of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the Court deems fair and appropriate.  Leave of Court shall not be required if service of the third-party complaint is made within **14 days** as provided by either Federal Rule of Civil Procedure 14(a) or 14(b).

(e)  Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(f)  Motions filed may be disposed of without a hearing.  N.D. Fla. Loc. R. 7.1(K).

(g)  If the rules and this Order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

**(6)  Discovery Obligations.**  The Rules of Civil Procedure set out explicit time limits for responses to discovery requests.  If a party cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the pro se Plaintiff.  If consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served.  In the meantime, no motion to compel a response shall be filed.  Stipulations extending the time for responses to discovery may be made only as authorized by FED. R. CIV. P. 29(b) and N.D. Fla. Loc. R. 6.1.

**(7)  Rule 37 Awards of Motion Expenses**.  The Court will ordinarily award fees and costs for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis.  Certification of all discovery

Case 4:20cv514-MW-MAF

requests, responses, and objections is required under Rule 26(g), and violations thereof will be subject to sanctions.

(8) **Resolution of Discovery Controversies**. The parties must attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Rule 7.1(B),(C) and Rule 37, Federal Rules of Civil Procedure, and shall be in the form required by Local Rule 26.1(D). Counsel's attention is also directed to the Federal Rule of Civil Procedure 26(b)(1) and 28 U.S.C. § 1927, counsel's liability for excessive costs.

(9) **Attorneys' Fees Records**. In any proceeding in which a party seeks an award of attorney's fees pursuant to a statute, contract, or law, the party seeking such an award must first file a motion to determine the party's *entitlement* to a fee award. N.D. Fla. Loc. R. 54.1(A). Only after a party's entitlement has been established shall a party file a motion to determine the *amount* of the award pursuant to N.D. Fla. Loc. R. 54.1(A). Time records must not be filed with the Clerk of Court until necessary for

the determination of a fee motion.  N.D. Fla. Loc. R. 54.1(D).  However, a "contemporaneous, detailed record of" the time spent on this case must be maintained and, upon request, disclosed pursuant to Rule 54.1(C).  The time records "must provide enough information to allow the Court to evaluate reasonableness; an entry like 'research' or 'conference' without a description of the subject will not do."  N.D. Fla. Loc. R. 54.1(C).

**(10)  Summary Judgment Motions.**  Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, must include a memorandum of up to 8,000 words, supporting evidence, and a statement of material facts[2] which the moving party contends is not genuinely disputed.  All asserted facts must be supported by pinpoint citations to the record evidence as required by Rule 56(c) and N.D. Fla. Loc. R. 56.1(F).  The Court must have sufficient detail to readily locate and check the source.  The Court need not "consider record evidence that has not been properly cited."  N.D. Fla. Loc. R. 56.1(F).

---

[2] The "statement of facts must not be set out in a separate document."  N.D. Fla. Loc. R. 56.1(B).

Case 4:20cv514-MW-MAF

A summary judgment motion shall be filed no later than **21 days** after the close of discovery.  A party opposing a motion for summary judgment shall file a memorandum in response of no more than 8,000 words and any opposing evidence not already in the record." N.D. Fla. Loc. R. 56.1(C).

Motions for summary judgment will be taken under advisement as specified in a subsequent court order.  A pro se party will be directed to submit a response to any such motion that is filed and may await the issuance of an order specifically directing the response.

**(11)  Amendments**.  This Order may be amended by the Court on its own motion or upon motion of any party.

**(12)  Address**.  Plaintiff must keep the Clerk of Court and opposing counsel informed of Plaintiff's current address, mailing address, and telephone number if Plaintiff has one.  Any change in that information must be immediately provided to the Court.  If mail from this Court cannot reach the Plaintiff, this case may be dismissed.

**(13)**  The Clerk of Court shall provide a courtesy copy of this Order to the United States Marshals Service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return this file upon the filing of the Rule 26(f) Report, or no later than the close of discovery, October 19, 2021.

**DONE AND ORDERED** on June 21, 2021.

> S/   Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**