UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROLYN ANN MILLER,

    Plaintiff,

v.

EBS SECURITY, INC., a
Florida corporation, and
PRINTELLA BUCKHEAD[1],

    Defendants.

CASE NO.4:20-cv-00514-MW-MAF

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
<u>MEMORANDUM OF LAW</u>**

PLAINTIFF, CAROLYN ANN MILLER, by and through the undersigned counsel and pursuant to Federal Rule of Procedure 56 and Local Rule 56.1(B), respectfully submits this Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment filed March 31, 2022. The plaintiff respectfully requests this Court deny Defendants' motion and states as grounds:

---

[1] Defendant Printella Bankhead's last name is misspelled in the case caption.

## INTRODUCTION

On September 10, 2019, Plaintiff was terminated from her position of Security Officer by EBS President and CEO, Printella Bankhead. The plaintiff believes that Defendants have discriminated against her in employment on the basis of her sex (female) and her race (black) by creating a hostile work environment and by retaliating against her for complaining about this discrimination and terminating Plaintiff from her employment. The plaintiff believes that had he been a white male, she would not have received differential treatment from her white male supervisor, Lieutenant Michael Deaner, and would not have been terminated from her employment. The plaintiff alleges that the only reason she was subject to a hostile work environment and subsequently terminated from employment was due to her complaining about discrimination based on her sex and race (retaliation), in violation of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## MEMORANDUM OF LAW

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "a court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether a genuine issue of material fact exists, the court "must draw all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations." *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1179 (11th Cir. 2019).

### B. Defendants' assertion that Plaintiff cannot establish a *prima facie* case of employment discrimination

Defendants argue that the Court should grant summary judgment in their favor because Plaintiff cannot establish a *prima facie* case of employment discrimination. A *prima facie* case of discrimination is established when a plaintiff can show that (1) she belonged to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. *Lewis v. City of Union City, Georgia*, 934 F. 3d at 1185. While both parties agree that Plaintiff is a member of a protected class (black female) and that she was subjected to adverse employment action when she was terminated by Defendants, Defendants assert that Plaintiff was not

3

qualified to do her job and that similarly situated employees outside her class were not treated more fairly.

### (1)   Lack of a Similarly Situated Comparator

Defendants argue that because Plaintiff has not pointed to another employee who engaged in the same conduct as the Plaintiff, that no similarly-situated comparator exists. This is because defendant has manufactured allegations of misconduct. Plaintiff's behavior was no different than her male coworkers. Thus her comparators are all her male coworkers. However, a lack of a comparator is not dispositive of whether a *prima facie* case has been established. "The plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin Corp.*, 644 F. 3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Id*. A "convincing mosaic" is shown where the evidence demonstrates (1) "suspicious timing, ambiguous statements . . . and other bits and pieces from which an inference of discriminatory intent

4

may be drawn"; (2) systematically better treatment of similarly situated employees; or (3) that the employer's justification is pretextual. *Lewis*, 934 F. 3d at 1185.

Shortly after Plaintiff's employment with EBS began, her direct supervisor, Lieutenant Deaner, began withholding information regarding employment duties from her. He went as far as to avoid contact with her and refuse to speak with her on work matters. On August 29, 2019, after learning that Lieutenant Deaner offered work to her male counterparts for Labor Day but not to her, Plaintiff voiced concerns to Captain Manigault about Lieutenant Deaner's disparate treatment toward her. Less than two weeks later, Plaintiff's employment was terminated. The plaintiff was the only female working at the location, and it is clear that Lieutenant Deaner treated her male coworkers more favorably and respectfully than he treated her. (*See*, Defendants' response to interrogatory number 6 at p.4, of Defendant's Responses and Objections to Plaintiffs First Set of Interrogatories, attached hereto as Plaintiff's Exhibit "1.") This fact, along with the timing of Plaintiff's termination in reference to her complaint of discrimination, provides enough of a "convincing mosaic of circumstantial evidence" that a jury would be able

5

to infer intentional discrimination. Thus, even if Plaintiff does lack a sufficiently similarly situated comparator, she is still able to satisfy the requirements to meet a prima facie case of discrimination.

### (2)  The plaintiff was qualified to perform her job.

Defendants also argue that Plaintiff fails to establish a *prima facie* case of discrimination because of their claim that she was not qualified to do her job as a security officer. They base this assertion solely on the fact that Plaintiff asked questions about her work duties to her supervisor, Lieutenant Deaner, and expressed concerns about tasks not being completed in the proper manner. The plaintiff had ample experience working in security and was more than qualified to perform her duties. [Miller has worked as a Corrections Officer for Franklin County Sheriff's Office and the Florida Department of Corrections for fifteen (15) years. She was also employed as a Private Security Guard for approximately four (4) years before beginning her employment with EBS in August 2019. *See*, Affidavit of Carolyn Ann Miller, §§ 2-7, attached hereto as Plaintiff's Exhibit "2."] Expressing concern and wanting to ensure that things are done properly is not indicative in any way of her ability to perform her job duties.

6

### (3) Defendants' proffered reason for Plaintiff's termination is a pretext for discrimination.

"A plaintiff can show pretext by: (i) casting sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered reasons were not what actually motivated its conduct, (ii) showing that the employer's articulated reason is false and that the false reason hid discrimination, or (iii) establishing that the employer has failed to clearly articulate and follow its formal policies." *Lewis*, 934 F. 3d at 1186.

Defendants' stated justification for Plaintiff's termination is that Plaintiff exhibited insubordinate behavior toward her supervisor, Lieutenant Deaner. [Plaintiff worked under Deaner's Supervision for one (1) month. During this period of time, she was the only female Security Guard. Deaner never spoke to her and refused to keep her informed of information which was necessary to do her job. She had to receive this information from her coworkers. Deaner did not document nor counsel Plaintiff at any time before her termination from employment.] See, Plaintiff's Exhibit "2," Affidavit of Carolyn Ann Miller, §§ 8-11.  The decision to terminate Plaintiff was based primarily on her

7

interactions with Lieutenant Deaner, interactions which were tainted with negativity because of the continued disparate treatment that Plaintiff faced from him as a result of her sex and race. Defendant has submitted the Declaration of Samuel Best [DOC.34-3]. Plaintiff addressed these statements of Samuel Best in her Deposition [DOC.34-1, pp. 23 & 25, and specifically denied Best's statement.

### (4) The plaintiff was subject to a hostile work environment due to her sex and race.

In addition to her unlawful termination, Plaintiff was also subject to a hostile work environment during her employment. Existence of a hostile work environment is evaluated by looking at a conduct's "frequency . . . ; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F. 3d 798, 809 (11th Cir. 2010). The plaintiff was treated different from her male counterparts when Lieutenant Deaner refused to answer her questions about job duties and offered opportunities and information to the male employees and

not her. This conduct unreasonably interfered with Plaintiff's ability to perform her job duties.

### (5) Retaliation

The plaintiff has set forth a sufficient factual basis for Retaliation. The plaintiff agrees that Defendant has correctly stated the legal standard for a claim of Retaliation. The parties agree that Plaintiff's text message to Management and Bankhead's handling of the text message established that Plaintiff engaged in protected activity and that the decision maker, Bankhead, was aware of her protected activity. Likewise, the termination of Plaintiff from employment less than two (2) weeks later is a sufficient nexus between the activity and the subsequent adverse action.

Defendant states at §2 of the Motion for Summary Judgment [DOC.34:29] that, "Chief Bankhead did not consider the text message in her decisionmaking process, and Plaintiff has no evidence to suggest otherwise." [DOC.34:29 of 32, §2]. The facts at issue here demonstrate Bankhead was clearly of the allegations in the text message to Manigault, as she says she interrupted the complaint in her Declaration [DOC.34-2, §11]. Her

investigation manufactures a reason to terminate Plaintiff, which is predicated on alleged behavior of Plaintiff which she denies in her Affidavit [DOC.36].

Defendant has presented no documentary evidence of Plaintiff's behavioral issues prior to the August 24, 2019 text message while Plaintiff's text message does document her complaints.  *See*, Affidavit of Carolyn Miller §§ 12-15, and Deposition of Carolyn Miller [DOC.34-1:45 at 12-25] and [DOC.34-1:46 at 1-4].

Deaner did not want to deal with an experienced black female and treated her differently than the other males.  Plaintiff complained about this to Deaner's Supervisor, Anthony Manigault and was fired on a pretext – Plaintiff's so-called rude and unprofessional behavior which surprisingly not an issue for Deaner prior to Bankhead investigating her complaints in the August 24 texts.

The plaintiff has set forth a sufficient *prima facie* case of discrimination based on disparate treatment because of her sex and retaliation.  The Motion for Summary Judgment should be denied.

The parties dispute the proposed factual basis for the adverse action was a non-discriminatory, non-retaliatory basis for the decision.

## CONCLUSION

Defendants' have not shown that Plaintiff cannot establish a *prima facie* case of discrimination and are not entitled to judgment as a matter of law. Additionally, where the Defendants' conduct and actions can be reasonable inferred by a jury as intentional discrimination, a genuine issue of material fact exists.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment.

                Respectfully submitted,

                /s Gary Lee Printy
                GARY LEE PRINTY
                FL BAR ID NO.: 363014
                GARY LEE PRINTY ATTORNEY AT LAW
                1804 Miccosukee Commons Drive, Suite 200
                Tallahassee, Florida 32308-5471
                Telephone: (850) 877-7299
                FAX: (850) 877-2211
                E-mail: attygaryprinty@gmail.com

                Attorney for Plaintiff,
                CAROLYN ANN MILLER

# PLAINTIFF'S EXHIBIT "1"

PLAINTIFF'S EXHIBIT "2"