# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CAROLYN ANN MILLER,**

    *Plaintiff*,

v.                                         Case No.: 4:20cv514-MW/MAF

**EBS SECURITY, INC., and**
**PRINTELLA BANKHEAD,**

    *Defendants*.

_____/

## ORDER REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 40. The Magistrate Judge recommends that this Court grant Defendants' motion for summary judgment, ECF No. 34, because Plaintiff has not identified any disputed material fact as to any of her claims. This Court disagrees.

This is an employment discrimination case. While a close call—and although Plaintiff's claims may be weak—the record evidence, and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, create a disputed issue of material fact as to whether Plaintiff's employer terminated her due to her sex, or in retaliation for complaining about discrimination. Although the Magistrate Judge reported that Plaintiff's affidavit is inconsistent with her deposition testimony, this Court does not find that Plaintiff attempted to change her deposition testimony such

that it would discount her affidavit. *See Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986) ("A definite distinction must be made between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence."). However, the inconsistencies that the Magistrate Judge identified in the report and recommendation are fodder for cross-examination at trial. Additionally, this Court is mindful that it is not permitted to weigh conflicting evidence or draw any reasonable inferences in Defendants' favor, as Defendants are the moving parties here.

With respect to Plaintiff's claims against EBS Security, Inc., neither party disputes that Plaintiff is a member of a protected class because she is a female, nor does anyone dispute that she suffered an adverse employment action—termination. This Court also agrees with the Magistrate Judge's determination that Plaintiff was qualified to do the job. Contrary to the Magistrate Judge, however, this Court concludes that Plaintiff has identified record evidence demonstrating a triable issue as to whether she was treated worse and, ultimately, terminated due to her sex—or, alternatively, because she complained about discrimination. Based on this record, a reasonable jury could find that Plaintiff was the only female security guard employed at the Panama City location, Plaintiff's lieutenant treated her worse than her White and Black male coworkers, that Plaintiff's employer's CEO travelled to Panama City to investigate Plaintiff's and other's complaints about the lieutenant there, and that

Plaintiff was terminated shortly after she complained about discrimination by her lieutenant to her employer's CEO. Plaintiff's asserted "failure to produce a comparator does not necessarily doom [her] case." *Lockheed-Martin Corp.*, 644 F.3d at 1328.

What is important at the summary-judgment phase is not whether the plaintiff can establish a prima facie case, but whether a triable issue exists. *See id.* "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Id.* (quoting *Silverman v. Bd. of Educ.*, 637 F.3d 729, 734 (7th Cir. 2011)). Here, Plaintiff has presented that convincing mosaic and summary judgment is denied as to EBS Security, Inc., with respect to Plaintiff's theories of gender discrimination and retaliation.

As to Plaintiff's theories of hostile work environment and race discrimination, the record, and all reasonable inferences drawn therefrom in Plaintiff's favor, do not create triable issues of fact. As to her hostile work environment theory, Plaintiff has failed to come forward with evidence demonstrating that she was subject to conduct that was objectively severe and pervasive such that it would support a claim for disparate treatment based on a hostile work environment. While Plaintiff may have subjectively perceived her lieutenant's behavior to be severe and pervasive, this record does not create a triable issue as to whether his conduct was objectively severe

3

and pervasive, considering such factors as the frequency of the conduct, the severity of the conduct, whether his conduct was physically threatening or humiliating rather than a mere offensive utterance, and whether his conduct unreasonably interfered with Plaintiff's job performance. *See Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000) (noting that "Title VII 'does not prohibit all verbal or physical harassment in the workplace,' and 'does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and the opposite sex' "). As to Plaintiff's race discrimination claim, the record and all reasonable inferences in Plaintiff's favor do not support her theory that her lieutenant discriminated against her because of her race. Instead, the record demonstrates, and a jury could find, that Plaintiff was treated worse than both her Black and White male coworkers. She points to no additional evidence that would allow a reasonable inference that her alleged mistreatment and termination were because of her race as opposed to her gender or some other reason.

With respect to Plaintiff's claims against Ms. Bankhead, EBS Security's CEO, this Court agrees with Defendants that Plaintiff may only proceed against Ms. Bankhead as an agent of Plaintiff's former employer. *See* ECF No. 34 at 30; *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer

4

directly."). Having named Plaintiff's former employer directly, her claims against Ms. Bankhead are duplicative and due to be dismissed.

**IT IS ORDERED**:

The report and recommendation, ECF No. 40, is **rejected in part.** Defendants' motion for summary judgment, ECF No. 34, is **GRANTED in part** and **DENIED in part**. Plaintiff's claims of gender discrimination and retaliation may proceed against EBS Security, Inc. Plaintiff's claims against Ms. Bankhead are **DISMISSED**. Plaintiff's claims based on hostile work environment and race discrimination are **DISMISSED**. However, this Court does *not* direct entry of partial judgment on the issues decided in this Order under Rule 54(b). The Clerk shall set this matter for a telephonic hearing. At the hearing, the parties should be prepared to discuss their availabilities for trial.

**SO ORDERED on November 30, 2022.**

s/Mark E. Walker
**Chief United States District Judge**
